## HOFFMAN v FRANK CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided Sept 30, 1932

M. Mendelssohn, Youngstown, for plaintiff.

W. G. Dornan, Youngstown, for defendant.

ROBERTS, J.

Counsel for the plaintiff in error in brief and oral argument urges that the trial court was in error in dismissing this case, and it is contended upon the other side that there was no error in whatever action the court may have taken in this regard. It will be noticed that these journal entries purporting to cover the same subject matter are antagonistic in their terms and as a statement of what was done at that time

and the determination made by the court. The first states that the plaintiff appeared and dismissed his action, and the second says that the court on reading the petition of plaintiff dismissed said cause, making the following entry: Dismissed at plaintiff's costs. So far as the proposition is concerned as to whether the plaintiff below, plaintiff in error here, dismissed his action, these two journal entries are conflicting. We have no knowledge concerning the facts or what took place, and have no right to consider further than what is shown by these journal entries.

It is urged by the plaintiff in error that his petition showed a cause of action, and it has been argued by counsel on the other side that the petition did not indicate a cause of action; that it fails to allege, in effect, fraud and deceit. A reasonable construction of the petition, presumably, if important, would indicate that the petition was not intended as such an action, but was merely an action to recover damages arising upon a contract and resulting from a failure to receive such tractor as was contracted for.

It is further urged by counsel for the defendant that this journal entry by the Court of Common Pleas indicates a final judgment. By reason of the view which we take of this case, this is not important.

Counsel further indulged in oral argument, and also in written briefs filed in this case, in statements of what took place in the Court of Common Pleas at the time this action was dismissed, and too, those statements are just about as conflicting as the journal entries, but that is of no real importance in the consideration of this case, because this court has no right to consider statements outside of the record. We can only determine whether there was prejudicial error in this case by a consideration of what appears in these journal entries. It is a singular condition that two journal entries, conflicting in these terms, should have gotten on to the journal of the Common Pleas Court. We do not have the original journal entries. Whether or not they were O.K.'d by counsel on each side or by the court, or what the fact may have been, we have no knowledge.

Citing the case of **Ward, Bushnell & Glessner Co. v Jacobs,** reported in 58 Oh St, 77, the first paragraph of the syllabus reads as follows:

"It is an established rule of reviewing courts that the error for which a judgment may be reversed must affirmatively appear on the face of the record."

This is a well settled and generally recognized rule and has been approved by the Supreme Court in later decisions not necessary now to decide. So that this court is restricted in considering the issue such as it is before us as to whether an error affirmatively appears. If it be true that the plaintiff, as indicated in the first entry, dismissed his case, of course there is no error. He could not complain of what he voluntarily did. If, on the other hand the court on reading the petition dismissed the cause for what reason it may have done is unexpressed, we do not know and are unable to determine, but in view of this uncertainty and lack of knowledge and contradiction, we are unable to say that reversible error appears in these entries, and for that reason are without authority to reverse the case. It may be stated incidentally in this connection that perhaps this disposition of the case is not very important in consideration of whatever rights the parties may have in this case, by reason of the fact that §11233 GC provides, in effect, that when a case is dismissed or fails otherwise than upon a determination upon its merits, another action may be commenced within one year from the failure of the previous action. These entries were made in January and February, 1932, so that that time has not elapsed, but it follows from what has been said that this court has no authority to do otherwise than to affirm this judgment, for the reasons stated.

Judgment affirmed.

FARR and POLLOCK, JJ, concur.